1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTIAN D. GATES,                        No.  2: 22-cv-1576 KJN P

12                 Plaintiff,

13        v.                                     ORDER

14   S. SERGENT, et al.,

15                 Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21   Accordingly, the request to proceed in forma pauperis is granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

27   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

28   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

1    each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

2    U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

15   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

16   meritless legal theories or whose factual contentions are clearly baseless.");  Franklin, 745 F.2d at

17   1227.

18        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

19   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

23   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

24   sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts

25   are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .

26   . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007)

27   (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

28   In reviewing a complaint under this standard, the court must accept as true the allegations of the

2

1    complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.

2    Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468

3    U.S. 183 (1984).

4        Named as defendants are S. Sergent, M. Culum, P. Gann, B. McTaggart, C. Elston, K.

5    Baliton and Reynolds.  Plaintiff's complaint contains three claims for relief.

6        In claim one, plaintiff alleges that defendants used excessive force in violation of the

7    Eighth Amendment.  Plaintiff alleges that on September 5, 2020, plaintiff told Correctional

8    Officer Gallegos that plaintiff had safety concerns with plaintiff's cellmate because plaintiff is

9    transgender/non-binary.  Defendants Culum and Baliton then allegedly threw plaintiff into a

10    wheelchair with the purpose of throwing plaintiff back into plaintiff's cell.  Both of plaintiff's

11    ankles were shackled to the wheelchair.  Plaintiff refused to exit the wheelchair upon arriving at

12    plaintiff's cell.  Defendants Culum and Baliton snatched plaintiff out of the wheelchair, dragged

13    plaintiff to the cell and threw plaintiff into the steel door frame, causing injuries to plaintiff's right

14    shoulder.

15        After plaintiff fell to the ground, defendant Culum allegedly began kicking and stomping

16    on plaintiff's legs.  Defendant Gann slammed the door on plaintiff's right knee and defendant

17    Sergent stomped on plaintiff's right ankle repeatedly. Plaintiff alleges that defendant Reynolds

18    stood by watching the assault.

19        Plaintiff has stated a potentially colorable Eighth Amendment claim against defendants

20    Culum, Baliton, Gann, Sergent and Reynolds.

21        In claim two, plaintiff alleges that defendants failed to protect plaintiff from harm by

22    another inmate in violation of the Eighth Amendment.  Plaintiff alleges that on September 5,

23    2020, he notified Correctional Officer Gallegos that plaintiff had housing concerns and that

24    plaintiff's life was in danger.  Plaintiff told Officer Gallegos that plaintiff could not return to

25    plaintiff's cell because plaintiff was transgender/non-binary.  Correctional Officer Gallegos

26    contacted his sergeant, defendant McTaggart, who also talked to his supervisor, defendant Elston,

27    who rejected plaintiff's claim.  Defendant Elston refused to interview plaintiff or to document

28    plaintiff's safety concerns, in violation of California Department of Corrections and

1 | Rehabilitation ("CDCR") policy.  B. McTaggart and defendant Elston ordered plaintiff to return
2 | to plaintiff's cell.
3 |      The only injuries alleged by plaintiff in claim two are those suffered as a result of the
4 | alleged assault by defendants Culum, Sergent, Gann and Baliton.  Plaintiff alleges that he would
5 | not have suffered these injuries had defendants McTaggart and Elston not ordered plaintiff to
6 | return to plaintiff's cell.
7 |      The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

     In claim two, plaintiff attempts to hold defendant McTaggart and Elston responsible for the alleged assault.  However, plaintiff alleges no facts demonstrating that defendants McTaggart and Elston were involved in the alleged assault.  Plaintiff does not allege, for example, that either defendant McTaggart or defendant Elston ordered the alleged assault, participated in the alleged assault or otherwise knew it was going to occur.  For these reasons, the undersigned finds that plaintiff has not pled sufficient facts linking defendants McTaggart and Elston to the alleged assault.  Accordingly, claim two is dismissed.

////

In claim three, plaintiff alleges that defendant McTaggart retaliated against plaintiff. There are five basic elements to a First Amendment retaliation claim:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff alleges that on June 28, 2020, defendant McTaggart confiscated registered property from plaintiff.  Plaintiff then filed a grievance against defendant McTaggart based on the confiscation of the registered property.  When plaintiff attempted to resolve the matter with defendant McTaggart, defendant McTaggart told the facility inmate representative that "inmates with sex crimes ain't got shit coming."  Plaintiff alleges that ever since he filed the June 28, 2020 grievance against defendant McTaggart, defendant McTaggart retaliated against plaintiff, including by committing the actions alleged in plaintiff's complaint.

The only specific adverse action plaintiff alleges defendant McTaggart committed is defendant McTaggart's September 5, 2020 order for plaintiff to return to plaintiff's cell.  While the adverse action need not be an independent constitutional violation, Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995), plaintiff has not pled sufficient facts demonstrating that defendant McTaggart's order for plaintiff to return to plaintiff's cell constituted an adverse action.  The undersigned cannot determine whether defendant McTaggart's order for plaintiff to return to plaintiff's cell constituted an adverse action without additional information regarding defendant McTaggart's knowledge of the specific threat of harm plaintiff faced from plaintiff's cellmate.

In addition, plaintiff has not pled sufficient facts demonstrating that defendant McTaggart's order for plaintiff to return to plaintiff's cell was motivated by retaliation. Plaintiff's claim that defendant McTaggart ordered plaintiff to return to plaintiff's cell in retaliation for plaintiff filing the June 28, 2020 grievance is vague and conclusory.

Accordingly, for the reasons discussed above, plaintiff's retaliation claim is dismissed.

Plaintiff may proceed forthwith to serve defendants Culum, Baliton, Gann, Sergent and Reynolds, and pursue the potentially colorable Eighth Amendment claim against only these

1  defendants, or plaintiff may delay serving any defendant and attempt to cure the pleading defects
2  as to claims two and three.

3      If plaintiff elects to attempt to amend the complaint, plaintiff has thirty days so to do.
4  Plaintiff is not obligated to amend the complaint.

5      If plaintiff elects to proceed forthwith against defendants Culum, Baliton, Gann, Sergent
6  and Reynolds, against whom plaintiff has stated a potentially cognizable claim for relief, plaintiff
7  shall return the attached notice within thirty days.  Following receipt of that notice, the court will
8  order service of defendants Culum, Baliton, Gann, Sergent and Reynolds.

9      Plaintiff is advised that in an amended complaint plaintiff must clearly identify each
10  defendant and the action that defendant took that violated plaintiff's constitutional rights.  The
11  court is not required to review exhibits to determine what plaintiff's charging allegations are as to
12  each named defendant.  The charging allegations must be set forth in the amended complaint so
13  defendants have fair notice of the claims plaintiff is presenting.

14      Any amended complaint must show the federal court has jurisdiction, the action is brought
15  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must
16  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
17  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
18  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation
19  of a constitutional right if he does an act, participates in another's act or omits to perform an act
20  he is legally required to do that causes the alleged deprivation).  If plaintiff contends they were
21  the victim of a conspiracy, plaintiff must identify the participants and allege their agreement to
22  deprive him of a specific federal constitutional right.

23      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
24  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
25  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
26  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

27      The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d
28  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

1    plausibility of entitlement to relief.

2

3    Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

4    can provide the framework of a complaint, they must be supported by factual allegations, and are

5    not entitled to the assumption of truth.  Id. at 1950.

6         An amended complaint must be complete in itself without reference to any prior pleading.

7    Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)

8    ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

9    existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original

10   pleading is superseded.

11        By signing an amended complaint, plaintiff certifies they have made reasonable inquiry

12   and have evidentiary support for their allegations, and for violation of this rule the court may

13   impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

14        A prisoner may bring no § 1983 action until he has exhausted such administrative

15   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v.

16   Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental

17   policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir]

18   welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC

19   form 602 that asks simply that the prisoner "describe the problem" and "action requested."

20   Therefore, this court ordinarily will review only claims against prison officials within the scope of

21   the problem reported in a CDC form 602 or an interview or claims that were or should have been

22   uncovered in the review promised by the department.

23        Accordingly, IT IS HEREBY ORDERED that:

24        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

25        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

26   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

27   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

28   Director of the California Department of Corrections and Rehabilitation filed concurrently

8

herewith.

3.  Claims two and three, against defendants McTaggart and Elston, are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend their complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend the complaint.

4.  The allegations in the pleading are sufficient to state a potentially cognizable claim against defendants Culum, Baliton, Gann, Sergent and Reynolds.  See 28 U.S.C. § 1915A.  If plaintiff opts to proceed on the original complaint as to these defendants, plaintiff shall return the attached notice within thirty days of service of this order.

5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  September 26, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gates1576.14

9

1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTIAN D. GATES,                           No.  2: 22-cv-1576 KJN P

12                   Plaintiff,

13          v.                                     NOTICE OF ELECTION

14   S. SERGENT, et al.,

15                   Defendants.

16

17          _____ Plaintiff opts to proceed with the original complaint as to claim one against
     defendants Culum, Baliton, Gann, Sergent and Reynolds.
18          _____ Plaintiff consents to the dismissal of claims two and three against defendants
     Elston and McTaggart without prejudice.  _____

19          OR

20          _____ Plaintiff opts to file an amended complaint and delay service of process.

21   DATED:

22                                                 _____
                                                   Plaintiff
23

24

25

26

27

28