UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN D. GATES, | No. 2: 22-cv-1576 DAD CSK P |
| Plaintiff, | |
| v. | ORDER |
| S. SERGENT, et al., | |
| Defendants. | |

I.  Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' unopposed motion to stay this action pending resolution of state criminal proceedings against plaintiff.  (ECF No. 39.)

For the reasons stated herein, defendants' motion to stay is granted.

II.  Plaintiff's Claims

This action proceeds on plaintiff's complaint, filed September 8, 2022, as to plaintiff's Eighth Amendment excessive force claims against defendants Culum, Baliton, Gann, Sergent and Reynolds.  (ECF No. 1.)  Plaintiff alleges that on September 5, 2020, plaintiff told Correctional Officer Gallegos that plaintiff had safety concerns with his cellmate.  (Id. at 5.)  Defendants Culum and Baliton then threw plaintiff into a wheelchair with the purpose of throwing plaintiff back into his cell.  (Id.)  Both of plaintiff's ankles were shackled to the wheelchair.  (Id.)  Upon

1

arriving at his cell, plaintiff refused to exit the wheelchair. (Id.) Defendants Culum and Baliton then snatched plaintiff out of the wheelchair, dragged plaintiff to the cell and threw plaintiff into the steel door frame, causing injuries to plaintiff's right shoulder. (Id.)

After plaintiff fell to the ground, defendant Culum began kicking and stomping on plaintiff's legs. (Id.) Defendant Gann slammed the door on plaintiff's right knee and defendant Sergent stomped on plaintiff's right ankle repeatedly. (Id.) Plaintiff alleges that defendant Reynolds stood by watching the assault. (Id. at 6.)

As relief, plaintiff seeks money damages. (Id. at 8.)

III.   Pending Criminal Proceedings Against Plaintiff

In the motion to stay, defendants state that plaintiff has criminal charges pending against him in Amador County Superior Court for felony battery against defendant Sergent arising out of the September 5, 2020, incident. (See ECF No. 39-1.) The criminal complaint against plaintiff was filed on January 4, 2021. (Id. at 5.)

The charges against plaintiff are apparently based on the descriptions of the incident in the staff narrative reports prepared by prison officials following the incident. (Id. at 26-32.) These reports state that on September 5, 2020, defendants Culum and Balton escorted plaintiff to his cell by wheelchair. (Id.) After plaintiff's restraints were removed, plaintiff was escorted to his cell door when he abruptly fell to the ground. (Id.) Defendant Sergent approached the cell and plaintiff kicked her in the right knee. (Id.) The felony battery charges against plaintiff are apparently based on the claim that plaintiff kicked defendant Sergent in the right knee.

Plaintiff's criminal trial is currently expected to be set at a hearing on April 26, 2024. (Id. at 38.)

IV.   Motion to Stay

Defendants move to stay this action pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), Wallace v. Kato, 549 U.S. 384 (2007) and Younger v. Harris, 401 U.S. 37 (1971). (ECF No. 39 at 1.)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North

2

American Co., 299 U.S. 248, 254 (1936)).  A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  Nken v. Holder, 556 U.S. 418, 433–34 (2009).  "Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000).  The court should "balance the length of any stay against the strength of the justification given for it."  Id.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."  Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995).  "'In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence.'"  Id. (quoting Securities & Exchange Comm'n v. Dresser Indus., 628 F.2d 1368, 1374 (D.C. Cir. 1980)).  "Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem[ ] to require such action.'"  Id. (quoting Dresser, 628 F.2d at 1375).

A. Motion to Stay Pursuant to Heck and Wallace

In Heck, the Supreme Court held:

> [T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

512 U.S. at 486-87.

Heck does not bar plaintiff from bringing an action raising claims challenging ongoing criminal proceedings.  However, Wallace explains that such an action should be stayed:

> [i]f plaintiff files a false-arrest claim before he [or she] has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

3

549 U.S. at 393-94.

Later, "[i]f the plaintiff is convicted, and if the stayed civil suit would impugn that conviction, Heck requires dismissal; otherwise, the case may proceed." Yuan v. City of Los Angeles, 2010 WL 3632810 at *5 (C.D. Cal. Aug. 19, 2010), findings and recommendations adopted by 2010 WL 3632528 (C.D. Cal. Sept. 10, 2010) (citing Wallace, 549 U.S. at 393); Peyton v. Burdick, 358 Fed. Appx. 961, 962 (9th Cir. 2009) (vacating judgment in a § 1983 case where claims implicated rulings likely to be made in pending state court criminal proceedings and remanding for district court to stay action until pending state court proceedings concluded); Valenzuela v. Santiesteban, 2021 WL 1845544, at *1-3 (E.D. Cal. Apr. 9, 2021) (staying excessive force case where related criminal prosecution pending); Vivas v. County of Riverside, 2016 WL 9001020, at *3 (C.D. Cal. Jan. 12, 2016) (staying excessive force case where criminal prosecution for resisting arrest was pending).

When determining whether a stay is appropriate, courts look to whether the criminal defendant's Fifth Amendment rights may be implicated by the civil proceedings. Keating, 45 F.3d at 324; see also Fed. Saving & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989) ("A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case. Obviously a court should consider the extent to which the defendant's fifth amendment rights are implicated.") (internal citations omitted). Courts also consider (1) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice to the plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of third parties; and (5) the interests of the public. Keating, 45 F.3d at 324-25.

*Fifth Amendment Rights*

Here, the instant civil rights action implicates plaintiff's Fifth Amendment rights. The facts and circumstances underlying plaintiff's criminal prosecution for battery on defendant Sergent substantially overlap with the claims raised in the instant action. Both cases involve the

4

September 5, 2020 incident and will involve substantially all of the same parties and witnesses. Thus, if the instant action proceeds to trial, defendants will seek discovery from plaintiff, and plaintiff will be required to respond under oath. The discovery will involve plaintiff's actions on September 5, 2020. Therefore, there exists a substantial risk of prejudice to plaintiff's Fifth Amendment rights. Valenzuela, 2021 WL 1845544, at *2.

*Prejudice to Plaintiff*

Any prejudice to plaintiff is minimal given that both proceedings involve similar facts and witnesses, and it is unlikely that evidence will be lost, or memories fade with passage of time. Lute v. Silva, 2024 WL 402809, at *3 (E.D. Cal. Feb. 2, 2024) (citing McCormick v. Rexroth, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2020)).

*Burden on Defendants*

The defenses available may be limited if this action is not stayed, prejudicing defendants. If the state court in the criminal action considers plaintiff's factual allegations regarding the September 5, 2020 incident, such findings may bind this court. Id. Until resolution of the criminal proceedings, it is unclear whether certain defenses are available, such as a Heck bar or issue preclusion. Id.; Wallace, 549 U.S. at 393–94 (noting that the question of whether a section 1983 action is barred by Heck is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force, and concluding a stay may be appropriate until such time as the underlying criminal proceedings are conducted).

*Judicial Efficiency*

Judicial efficiency favors imposition of a stay because plaintiff's criminal action involves many of the same facts as alleged in this action. Valenzuela, 2021 WL 1845544, at *3.

*Interests of Third Parties*

Defendants do not identify any third parties with a direct interest in the outcome of this action. Accordingly, this factor does not weigh in favor or against a stay.

*Public Interest*

The public interest weighs in favor of a stay because "[t]he public has an interest in

'ensuring that the criminal process is not subverted' by ongoing civil cases." Valenzuela, 2021 WL 1845544, at *2 (quoting Douglas v. United States, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006)).

*Conclusion*

For the reasons discussed above, this court finds that a stay of this action is warranted based on the principles discussed in Wallace.

B. Motion to Stay Pursuant to Younger

Absent extraordinary circumstances, federal courts may not interfere with ongoing state criminal proceedings. Younger, 401 U.S. at 43-54. Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings"); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (Younger abstention applies to actions for damages as it does to declaratory and injunctive relief).

A court may apply a stay under Younger when: "(1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims." Escobar v. LASD Male Doe, 2017 WL 7050642, at *2 (C.D. Cal. Nov. 30, 2017), findings and recommendations adopted by 2018 WL 565696 (C.D. Cal. Jan. 24, 2018) (citing Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Plaintiff's criminal case is ongoing and implicates the State of California's interest in ensuring the integrity of its criminal justice system. Valenzuela, 2021 WL 1845544, at *3; Kelly v. Robinson, 479 U.S. 36, 41 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Plaintiff may raise constitutional issues in the state proceeding. Id.; Pennzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) ("a federal court should assume that state procedures will afford an adequate remedy, in the absence of

unambiguous authority to the contrary.").

For the reasons discussed above, this court finds that a stay of this action is warranted pursuant to Younger.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay this action (ECF No. 39) is granted; the Clerk of the Court shall administratively stay this action; and

2. Defendants shall file a status report addressing the status of the criminal charges against plaintiff in Amador County Superior Court sixty days from the date of this order.

Dated: April 26, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gates1576.sta

2

7