1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTIAN D. GATES,                      No.  2:22-cv-1576 DAD CSK P

12                  Plaintiff,

13        v.                                  ORDER

14   S. SERGENT, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  For the following reasons, the findings and recommendations filed

19   November 4, 2024 (ECF No. 47) are vacated, and plaintiff's motion for a ninety-day extension of

20   time to file an opposition to defendants' summary judgment motion (ECF No. 48) is granted in

21   part.

22   **I. BACKGROUND**

23        Defendants filed a summary judgment motion on August 27, 2024.  (ECF No. 44.)

24   Plaintiff failed to file an opposition.  On September 25, 2024, this Court granted plaintiff thirty

25   days to file an opposition.  (ECF No. 46.)  Thirty days passed and plaintiff did not file an

26   opposition.  Accordingly, on November 4, 2024, this Court recommended that this action be

27   dismissed without prejudice based on plaintiff's failure to prosecute.  (ECF No. 47.)

28   ///

                                            1

On November 15, 2024, plaintiff filed the pending motion for a ninety-day extension of time to file an opposition to defendants' summary judgment motion. (ECF No. 48.)  Plaintiff's motion for extension of time states that plaintiff is housed at Salinas Valley State Prison.  (Id. at 1.)  Court records reflect that plaintiff is housed at the R.J. Donovan Correctional Facility. Accordingly, this Court directs the Clerk of the Court to update court records to reflect plaintiff's current address at Salinas Valley State Prison.  This Court also observes that defendants served their summary judgment motion on plaintiff at the R.J. Donovan Correctional Facility and Salinas Valley State Prison.  (ECF No. 44 at 12.)

In the pending motion for extension of time, plaintiff alleges that Salinas Valley State Prison has experienced back-to-back lockdowns and that the law library experienced staff shortages causing the library to be open one day per week for Preferred Legal Users only.  (ECF No. 48 at 3.)  Plaintiff alleges that he has not had the opportunity to conduct discovery or to prepare his opposition to defendants' summary judgment motion.  (Id. at 1.)  Plaintiff requests ninety days to file his opposition to defendants' summary judgment motion or to file discovery motions.  (Id. at 2.)

## II. REQUEST PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)

To the extent plaintiff's pending motion contains a request pursuant to Federal Rule of Civil Procedure 56(d), this request is denied for the following reasons.[1]

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may issue any appropriate order, including deferring consideration of the motion for summary judgment or denying it, or allowing "time to obtain affidavits or declarations or to take discovery."  Fed R. Civ. P. 56(d).  The party requesting relief under Rule 56(d) must set forth in its affidavit or declaration: (1) "specific facts it hopes to elicit from further discovery," (2) that "the facts sought

---

[1]  This Court has authority to address a request pursuant to Rule 56(d) by order.  See Miller v. White, 2021 WL 3466235, at *2 (C.D. Cal. Feb. 1, 2021) ("Magistrate judges have the authority to issue non-dispositive orders, including non-dispositive pretrial orders on motions pursuant to Rule 56(d)."); Reed v. Barcklay, 2013 WL 5428749, at *3 (D. Ariz. Sept. 27, 2013) (denying plaintiff's objections to magistrate judge's denial of a motion to reopen discovery, which was construed as a Rule 56(d) motion).

2

exist," and (3) that "the sought-after facts are essential to oppose summary judgment." <u>Family Home & Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp.</u>, 525 F.3d 822, 827 (9th Cir. 2008) (discussing former Rule 56(f)).  "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." <u>Id.</u> (internal quotation marks omitted).

In addition, "[t]he failure to conduct discovery diligently is grounds for the denial of a [Rule 56(d)] motion." <u>Pfingston v. Ronan Eng'g Co.</u>, 284 F.3d 999, 1005 (9th Cir. 2002).  As the Ninth Circuit has repeatedly held, even pro se prisoners must pursue discovery in a diligent manner.  <u>See</u> <u>McRae v. United States</u>, 812 Fed. App'x 505 (9th Cir. 2020) ("The district court did not abuse its discretion by denying [federal prisoner] McRae's requests for additional discovery pursuant to Fed. R. Civ. P. 56(d) and to continue summary judgment [in a case under the Federal Tort Claims Act] because McRae did not diligently pursue discovery during the time allotted by the district court.").

Pursuant to the Discovery and Scheduling order filed April 20, 2023, discovery closed on August 28, 2023.  (ECF No. 32.)  On November 28, 2023, the dispositive motion deadline was extended from November 28, 2023 to February 26, 2024.  (ECF No. 36.)  On February 26, 2024, the dispositive motion deadline was vacated and defendants were granted until March 11, 2024 to file a motion to stay this action.  (ECF No. 38.)  On April 26, 2024, this Court granted defendants' motion to stay this action pending resolution of plaintiff's criminal proceedings in the Amador County Superior Court.  (ECF No. 41.)  On June 27, 2024, the stay was lifted and defendants were granted until August 27, 2024 to file a dispositive motion.  (ECF No. 43.)

In the pending request, plaintiff fails to demonstrate that he diligently pursued discovery.  While plaintiff alleges that he had inadequate law library access and was subjected to lockdowns, plaintiff fails to demonstrate that these alleged conditions prevented plaintiff from conducting discovery <u>in 2023</u> during the time allotted by the April 20, 2023 Discovery and Scheduling order.  For these reasons, plaintiff's request pursuant to Rule 56(d) is denied.

In the pending request plaintiff also fails to address the requirements for a Rule 56(d) motion:  the specific facts plaintiff hopes to elicit from further discovery, the facts sought exist and that the sought-after-facts are essential to oppose summary judgment.  For this additional

1    reason, plaintiff's request pursuant to Rule 56(d) is denied.

2    **III. REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION**

3         Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified only

4    for "good cause" and with the court's consent.  To establish "good cause," the moving party must

5    show that it could not reasonably meet the deadlines set in the scheduling order despite diligent

6    efforts.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

7         As discussed above, on August 27, 2024, plaintiff was served with defendants' summary

8    judgment motion at his current address at Salinas Valley State Prison.  While the order and

9    findings and recommendations filed September 25, 2024 and November 4, 2024 were served on

10   plaintiff at his prior address, plaintiff's pending request for extension of time suggests that the

11   order and findings and recommendations were forwarded to plaintiff at his current address.

12   Regardless, plaintiff fails to explain why he waited almost three months after receiving

13   defendants' summary judgment motion to file the pending request for extension of time.  The

14   pending request also fails to address the date of the alleged lockdowns and limitations on law

15   library access which allegedly prevented plaintiff from preparing his opposition.  Based on these

16   circumstances, this Court finds that plaintiff has not shown good cause to grant his request for a

17   ninety-day extension of time to file his opposition.  Plaintiff is, however, granted thirty days from

18   the date of this order to file his opposition.

19        Accordingly, IT IS HEREBY ORDERED that:

20        1.  The November 4, 2024 findings and recommendations (ECF No. 47) are vacated;

21        2.  Plaintiff's motion for extension of time (ECF No. 48) is granted in part;

22        3.  Plaintiff is granted thirty days from the date of this order to file his opposition to

23   defendants' summary judgment motion;

24        4.  Plaintiff's request to conduct discovery pursuant to Federal Rule of Civil Procedure

25   56(d) is denied; and

26        5.  The Clerk of the Court is directed to update court records to reflect plaintiff's new

27   address at Salinas Valley State Prison, P.O. Box 1050, Soledad, California, 93960-1050.

28   ///

1    Dated:  November 21, 2024

2

3                                                    CHI SOO KIM
                                                     UNITED STATES MAGISTRATE JUDGE
4    Gates1576.ord(2)

5    2

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28